**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

REHA MEHMET SOYLULAR,

Petitioner,

v.

Case No. 2:26-cv-03327-MIS-GJF

MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; WARDEN, in his capacity as Warden of Otero County Processing Center; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Reha Mehmet Soylular's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF Nos. 1, filed October 5, 2026. On October 20, 2026, the federal Respondents filed a Response the Petition. ECF No. 8.[1] Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition for the reasons set forth herein.

---

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 4. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Factual Background

This is Petitioner's second Petition for a Writ of Habeas Corpus. See Case No. 2:26-cv-02646-MIS-GJF (Soylular I), ECF No. 1. Briefly, Petitioner is a citizen of Türkiye who entered the United States on May 8, 1995. Soylular I, ECF No. 10 at 1. He has been subject to a final order of removal since August 18, 2014. Id. He was detained on July 13, 2025, and has remained in DHS custody since then. Id. at 2. He remains detained at the Otero County Processing Center in Chaparral, New Mexico. Id.

In Soylular I, the Court held that although Petitioner had been detained for 14 months, more than double the presumptively reasonable time as set forth in Zadvydas v. Davis, 533 U.S. 678, 701 (2001), Petitioner was scheduled for a removal mission sometime before September 28, 2026. Id. at 3. Therefore, the Court found that Respondents had met the burden of demonstrating a "'significant likelihood of removal in the reasonably foreseeable future,'" and denied the Initial Petition without prejudice. Id. (quoting Zadvydas, 533 U.S. at 701)).

But Petitioner was not removed by September 28, 2026. Pet. at 6. Petitioner claimed fear of returning to Türkiye. ECF No. 8-6. United States Citizenship and Immigration Servies ("USCIS") is currently reviewing Petitioner's credible fear claim. Id. Neither Petitioner nor Respondents provide further information about Petitioner's credible fear claim, including when USCIS may complete its review or what may happen once it does. See generally Pet. & Resp.

On October 15, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 5. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the facts are distinguishable from prior rulings." Id.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner argues that his prolonged, indefinite detention is unlawful, now that the September 2026 removal efforts failed, and therefore violates his Fifth Amendment right to due process. Pet. at 6. He seeks immediate release. Id. at 7. Respondents argue that the delay in removal is "not the fault of Respondents who were prepared to remove him" but could not because of Petitioner's credible fear claim. Resp. at 4-5. Respondents cite no statute or case law that allows for prolonged detention that is not the government's "fault." See generally Resp.

To begin with, it is undisputed that because Petitioner is subject to a final order of removal, 8 U.S.C. § 1231(a) governs his detention. Under that statute, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]" 8 U.S.C. § 1231(a)(1)(A). Under 8 U.S.C. § 1231(a)(6), the Attorney General may detain certain

noncitizens beyond the ninety-day "removal period" following entry of a final order of removal. However, the statute implicitly "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." Zadvydas, 533 U.S. at 689. In Zadvydas, the Supreme Court established a presumptively reasonable six-month period of detention. Id. at 701. After that period, if the petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.; see also Clark v. Martinez, 543 U.S. 371, 377-78 (2005). However, the removal period may be extended, and the noncitizen may remain in detention "if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C).

Respondents make no substantive argument that Petitioner's claim that he fears returning to Türkiye constitutes a refusal to cooperate as set forth in § 1231(a)(1)(C); nor could the Court find any case law supporting such an argument. See, e.g., Piedrathita-Bellow v. U.S. Immigr. And Customs Enforcement, No. 6:26-CV-01338, 2026 WL 2723433, at *3 (W.D. La. Sep. 15, 2026) (holding that petitioner's noncooperation in the absence of a credible fear claim warranted continued detention under § 1231(a)(1)(C)). Instead, Respondents merely argue that the fact Petitioner has not been removed was not their "fault." Resp. at 4-5. This is a flimsy argument at best but more properly characterized as inaccurate and misleading. Respondents offer no explanation for why they did not attempt to remove Petitioner between July 13, 2025, when he was first detained under a final order of removal, and January 12, 2026, six months later. See generally Resp. Nor do Respondents offer any explanation for why they did not attempt to remove

Petitioner sometime between January 13, 2026, when the presumptively reasonable period of detention under Zadvydas had expired, and August 12, 2026, when Petitioner filed the initial Petition. See generally Resp. In fact, Respondents have provided no information in either this case or Soylular I, about concrete efforts to remove Petitioner during any of the first 14 months they detained Petitioner. See generally Resp. & Soyluar I, ECF No. 7. And, remarkably, given their position opposing the Instant Petition, they do not present any evidence of concrete steps they are taking at this moment, such as when USCIS may complete its review of Petitioner's credible fear claim or how quickly he could be removed to Türkiye if USCIS denies such a claim or to a third country if it accepts such a claim. See generally Resp. In short, there was much under the Respondents' control, and the record is devoid of evidence that they did anything to achieve Petitioner's removal other than a failed attempt to remove him to Türkiye in the fifteenth months of his detention. None of this, including Petitioner's decision to exercise a right to raise a credible fear claim, is Petitioner's "fault." The Government cannot sit idly on its hands doing nothing for more than fourteen months and then claim removal is not its "fault" when a belated attempt fails. To the contrary, "[c]ourts in this district have repeatedly held that prolonged detention, combined with failed or nonexistent removal efforts, satisfies the petitioner's initial burden." Naghiyev v. Bondi, No. 2:25-cv-1313 MIS/DLM, 2026 WL 700064, at *5 (D.N.M. Mar. 12, 2026) (citing Lorenzo v. Bondi, No. 2:25-cv-0923 KWR/GJF, 2026 WL 84521, at *5–6 (D.N.M. Jan. 12, 2026); Jimenez Chacon v. Lyons, 811 F. Supp. 3d 1299, 1310 (D.N.M. 2025); Salazar-Martinez v. Lyons, No. 2:25-cv-0961 KG/KBM, 2025 WL 3204807, at *2 (D.N.M. Nov. 17, 2025))

The Court finds that the presumptively reasonable six-month-period of confinement has expired. Petitioner now has been detained for almost 16 months. The Court next finds that Petitioner has provided good reason to believe that there is no significant likelihood of removal in

the reasonably foreseeable future in that the record is devoid of any information as to when the review of his credible fear claim will occur and how long removal will take after that. Zadvydas, 533 U.S. at 701. Finally, the Court finds that the Government has failed to present evidence sufficient to rebut that showing and meet their burden of demonstrating a "significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. To satisfy this burden, Respondents must present evidence in support of their position. See id. ("After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." (emphasis added)). They have provided none. See generally Resp.

As such, the Court further finds that Petitioner's continued, indefinite detention violates the Immigration and Nationality Act, Zadvydas, 533 U.S. at 699, and the Fifth Amendment's Due Process Clause, Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026). Therefore, he is entitled to immediate release subject to appropriate conditions of supervision under 8 U.S.C. § 1231(a)(3), as he had been for the most part of the past 11 years between the time his removal order became final, before Respondents detained him.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Reha Mehmet Soylular from custody/detention, subject to reasonable conditions of supervision under 8 U.S.C. §1231(a)(3);
3. Respondents shall return all of Petitioner's seized property to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded, or (2) concrete travel plans to remove Petitioner from the United States; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE